The next matter, number 25-1467, Camilla Davalos et al. v. Baywatch, Inc. At this time, would counsel for the appellants please introduce himself on the record to begin. Of course, good afternoon, John Goloshefsky on behalf of the appellants. You can begin. Thank you, may it please the court if I may have three minutes for rebuttal? You may. Thank you. In determining as a matter of law the discovery rule could not apply in this case, the district court held that the quote most salient issue is that in the years after the advertisements were originally published, the plaintiffs had brought other misappropriation actions. As laid out in our papers, this evinces a fundamental misunderstanding concerning the discovery rule. The threshold issue on the discovery rule is what a plaintiff knows or reasonably should know on the date of injury. This court has held as such for 35 years. The SJC and Flynn held the same thing in the defamation context. Massachusetts appellate courts held in the Wolfside case the same exact thing in the defamation context. Counsel, do you, in light of what you just said, do you agree and in light of the opinion of the Massachusetts SJC in response to the question that we posed that this whole concept of whether something is or is not inherently unknowable just doesn't really matter anymore. We shouldn't even be focusing on that concept. And I ask that in part because so much of your briefing does talk about that. And I would just sort of help clear the deck a little bit if I understood that you now agree that we should be talking about what you just described, new or should have known, just not even spending time on this concept of inherently unknowable. I think the SJC used, I think it was the footnote in the case that says we're going to use them interchangeably, but there's two different inquiries. The first is what is known or should be known on the date of injury. That's the threshold question that we're going to ask. Later, upon showing that no plaintiff knew or should have known about the publications upon publication, then we get into the issue of accrual. What the district court did is it conflated the issues by relying on post-publication activity, i.e. three, four, five years after the publication, some of these plaintiffs brought other misappropriation actions. When did your client learn of the injury? Months before the case was filed in 2021. Where in the record does it say that? There's declarations from each of the plaintiffs which says upon being informed by my counsel. And it doesn't say when the counsel did the informing. Right. So how do I know when that occurred? Well, again, this record was developed. I'm not saying anybody's at fault for this. I'm just asking a simple question. Can I find out the date on which the attorney informed the client? It is not specifically part of the summary judgment record. So then how do I know you've shown that you took any action in a timely manner from when you learned about it? Well, because if we're talking about accrual, we're talking about a factual dispute about when a plaintiff knew or should have known. That question that Your Honor just asked has nothing to do with whether the discovery rule applies. It has to do with whether or not a claim accrues and when it accrues, which the burden is on the defendant in that case. Counsel, if we just, I think there's lots of different sort of language that's being used. And I think if we just sort of focus on what I see as the critical issue, the critical issues you needed to show that three years before you filed suits, that your clients neither knew nor should have known that these social media posts were out there as of, I think it's June 2018, if I have the dates correct. But that's really the critical question that we're trying to answer, right? Because if they didn't know and they shouldn't have known, then you're fine. You're within the statute of limitations, correct? I disagree with the first part, Your Honor. The burden is on the respondents on the issue of accrual. The burden is on plaintiffs in the first instance on application of the discovery rule. When a storm warning or telltale sign occurred such that should have put a reasonable plaintiff on notice, A, that's an issue of fact for a jury, which has been made very clear, including in the Riley case. They have to prove when you first learned of the injury? No, they have to direct the court to evidence of a telltale sign or a warning sign that says, you know what, a reasonably prudent plaintiff would have learned about this. Counsel, that seems fundamentally wrong. This notion that they had the burden to establish what you knew or what you should have known. The default rule is that the injury occurs at the time of publication.  You're invoking an exception to that rule.  And in invoking that exception, this discovery rule, I think the law is clear under Massachusetts that you have the burden of establishing that you did not know or should not have known within the statute of limitations period. That seems quite clear under the law of Massachusetts. I disagree. The law is that I have the burden of showing I did not know or reasonably should not have known upon injury. Upon injury, there's not two discovery rule burdens for a plaintiff. A plaintiff doesn't have to show that upon injury he did not know or should not have known. And then also show years later that he did not know. This is the Riley case, quote, in order for a defendant to prevail on summary judgment, he must show that there is no genuine dispute as to whether plaintiffs should have known about the cause of action. That is a burden on the defendant. My burden is in the first instance of demonstrating the discovery rule applies by showing inherent unknowability upon publication. This we've done. There's not an additional burden down the road years later of showing that. If they had shown a storm warning that said, for instance, here, there's evidence that Ms. Davalos in fact learned about this or should have learned about it for whatever reason. Then I agree the statute of limitations would have run because that would have accrued in 2018. But if you look at the Jones case, and the district court went, it was a real misinterpretation of it, but the SJC went out of its way to point out in the Jones case, here is paragraph after paragraph of telltale warning signs. That occurred, that did in fact, or should have put a reasonable plaintiff on notice of the cause of action. But here, maybe I'm just missing something. You have identified the fact that your client knew about it at a certain point. In 2021, correct. No. You don't say, there's nothing in the record saying that's when they knew about it. What you say is that my client knew about it, and I'm not going to tell you when. No, Your Honor. Well, the record does not say when you knew about it. It says that you did know about it, but you don't say when. This was a record that developed before this case got certified to the SJC, Your Honor. That's maybe so. I'm just, let's imagine, you tell me what happens if this is what the situation is. Plaintiff says, didn't know about it at publication. Then I learned about it.  I'm not going to tell you when I learned about it. Can you win? Of course. There's a factual dispute about accrual. Absolutely, we win. It's a factual dispute that goes to the jury. What's the factual dispute? You haven't even alleged that you did anything in a timely fashion. The factual dispute, well then you have to assume that we did in fact learn about it upon publication. Why? Why do I? No. You plead that you did not learn about it on publication.  Then you plead further, but my attorney told me about it, but I'm not going to tell you when my attorney told me. Can you win? Yes. How? Because the issue is accrual. I'm sorry, the claim accrual. Maybe this will be helpful to you. The publications, the posting took place between August 2013 and November of 2015. Correct. But the statute of limitation, let's say that taking November of 2015, you had three years, which was suggested that your complaint should have been filed by November of 2018. I thought you do assert that your clients did not become aware of the publication until 2021. Correct. You don't provide us with a date, a specific time in 2021, but I believe there is material in the record in support of your more general assertion that it was 2021 before you, is that? There is. There is not a specific date in each declaration. There was deposition testimony. It was addressed around it, but again- What says it occurred in 2021? Can you point to something in the record? As you asked, I don't have something that says 2021. Okay, well then- Well, there is general discussion in the declarations and elsewhere, and the district court reached a conclusion that it occurred in 2021, thereabouts in 2021. But we're also talking about- Counsel, can I just, I think there's a bit of a disagreement about what Massachusetts law provides, and I think you're creating a distinction between the discovery rule and accrual. That's not how I read Massachusetts law, the way that the law, according to the SJC in this certification opinion, is that the discovery rule is all about determining when the cause of action accrues. So, let's just take for a moment that the way that this is supposed to work under Massachusetts law is that you say you didn't know about it at the time that the social media posts were actually put online. The Club Alex, therefore, invokes the statute of limitations defense. And let's just assume for a moment that it's now your burden to create a genuine dispute, a fact about that your clients couldn't have known about this earlier than June 2018. So, returning back to Judge Barron's question, because I did read the record the same way that he did, you don't say anywhere in the record when your clients learned about the posts or from whom. And in light of that, how could we conclude that there was a genuine dispute of material fact when you haven't put anything into the record indicating when your clients, or even from whom, they learned about the posts? Why on that record was the district court wrong to grant summary judgment? On the last point, there is evidence in the record from whom they learned about it from their lawyers. We did not tie together that they learned about it a couple of months before, but again- Counsel, I don't think that's actually, just assume the declarations as I read them were that they don't recall who first told them about the media posts. And each of the declarations, when I looked at them, were identical on this. They didn't know when and exactly who first told them about these posts. So if there isn't that information in this record, and it's your burden once the defense has been invoked, and summary judgment motion has been filed to show genuine dispute, what's your best argument for why there's a genuine dispute? There's a genuine dispute because my burden is to demonstrate based on accessibility and searchability, as the SJC said in this case, that the claim was inherently unknowable upon publication. This we did. We provided declaration testimony about the lack of searchability, about the fact that you can't, that the only way to find these is manually. We provided that evidence. Once we have done that, then the issue of accrual, the issue of accrual is A, on the respondents to point out a storm warning that should have alerted us earlier. Now, the court wants to say, well, there's not a specific date on which you learned about it, fair enough. But the threshold issue is whether or not we knew or should have known about it upon publication. And if you agree that plaintiffs did not know about it upon publication, nor should have known, because let's be clear. Well, how about, here's my red flag. You're saying you did know about it after publication, but you're not saying when you learned. Why isn't that a red flag? Since you would know when you learned, and you're not telling us, that seems like a red flag. And I think your honor is formulating it as though there was some sort of nefarious purpose to hold the information back. No, no, I'm just saying, on this record, all I can tell is that you did know about it because you're saying you knew about it, and there is nothing to indicate when you learned. And I would suggest that it is unreasonable to think that any plaintiff, in fact, knew about it upon publication. It doesn't make sense. No, no, no, no. Of course not. The question is, did you nonetheless know about it before three years? Before June 28th. Exactly. I get it, but that's their burden. That's not my burden. Why isn't it a red flag that you're not telling us, even though you're telling us that you knew at some point after publication, before filing, but you're not saying you knew within the statute of limitations. Why isn't that a red flag? You would know when it happened. I will go back and I will say that no record was developed after the SJC's decision here. This court can remand it for additional discovery. The court, the district court, with respect, should have opened it up for additional discovery after the SJC's decision on this. And this court is empowered to do that very thing. I still maintain that the operative question on application of the rule is date of injury. Date of injury. And the fact that at some point after injury, taking the court's point that there is no specific date, some date after injury, we learned about it, there's a factual issue on the date of accrual. A factual issue on their summary judgment motion. It is their burden to address that. I see my time is up. Thank you. Thank you, counsel. He has three minutes to rebut. Okay, that's fine. Okay, great. At this time, would counsel for the appellee please introduce herself on the record to begin? Good morning, your honors. Jessica Savino for the defendant. May it please the court, your honors. There's, I think, a confusion here as to what the purpose of, or what the burden on summary judgment actually is. And the point to survive summary judgment is that the plaintiff has to show a reasonable expectation of proving at trial that her case was brought timely. That's the bottom line. The point of the discovery rule is as a judicially created mechanism for the plaintiff to be able to do that. But at the end of the day, the question for whether they can survive summary judgment is whether they had that reasonable expectation of proving that their case was timely. Whether because the discovery rule applies or any other sort of exception. The dispositive issue is whether their claim was brought timely. And so when they can't meet that hurdle of proving that they neither knew, because there's no evidence on when they actually knew, it's not been established in the record. And they can't establish that they should not have known of those postings because they were somehow concealed or hidden or confidential. Then the plaintiff just is not going to be able to meet that burden. And so even if the plaintiff is correct that they only have to show that they didn't know on the actual date of posting, which they're not. But even if they were, they still have no expectation of proving that the claim was brought timely and therefore summary judgment was appropriately granted. Counsel, this lawsuit was filed in June of 2021, is that correct? That's correct, Your Honor. Clearly beyond the three year statute of limitations period, right? But there is, and I thought that there, well, obviously they filed the lawsuit then, so they're aware of it. And I thought there was evidence in the record. Although they can't cite the exact date, it was sometime in 2021 that they became aware of the postings. Isn't that correct? I think Judge Barron is correct that that's not what the record says. It's the line cited by the plaintiff says, when I learned that Clavallox has used my image, I agreed to initiate this lawsuit and seek compensation. It doesn't say, I learned this in 2021 and then the next day I filed a lawsuit. It doesn't say I filed a lawsuit immediately after I learned it, it just says I learned and then I filed a lawsuit. And that says nothing. Of course they filed after they learned of it. If they'd never heard of this whatsoever, there wouldn't be a lawsuit. And so they need to be able to say that they didn't learn of it more than three years prior to the suit being filed. They filed dozens of other lawsuits. And so they've not explained why they didn't file this one until, they didn't know of this specific posting more than three years before it's filing. They have other suits based on these same images, so why was this one more difficult to find? Counsel, can I just turning to that exact point why this one was more difficult to find. When I read the SJC certification opinion, the thrust of the opinion to me seemed to be, this is generally a question of fact for a jury. And there are only certain circumstances when a court can decide this as a matter of law. And the way I read it was that it was actually a three part test that the social media post has to be both widely distributed and readily accessible and searchable. And just assume that that's what the test says for the moment. Why wasn't there a genuine dispute of material fact here on whether these posts were actually searchable? Because as I read the declaration or affidavit of the paralegal, they weren't. There was no way to search an ad with images on it that was posted on Facebook. So why isn't there just really a dispute of how could these, it just feels like a needle in a haystack that they're looking for. So why couldn't that get them to trial? I think the problem here at summary judgment is that the plaintiff hasn't put forth any evidence to make a decision one way or the other. And at the end of the day, at trial, it's the plaintiff's burden to prove that their claim was brought timely. And is that because for all we know, they actually knew well before? Certainly, I think- That's the problem, right? That's their first burden. And I think the case law in Massachusetts established that if the record doesn't show that you didn't actually know, then that's kind of the end of it. Never mind what you should have known, you haven't even proven that you didn't in fact know. No, but I'm asking a different question. If they said I actually knew five years before, what would happen? Their case is untimely. No matter what. No matter what. Right. So the oddity of this record is they say I actually knew, but we don't know when they actually knew. Correct, and to go back to Judge Rickleman. So I guess the question is, in Judge Rickleman's circumstance, can that type of argument win in a case in which we have them saying I actually do, but I'm not saying when? I don't think so, because at the end of the day, the burden is still on the plaintiff to present that. And the evidence- And that's why I was just asking you about the should have known prong. So the evidence presented by the plaintiff to say why they shouldn't have known is this affidavit from the paralegal that says it takes days and weeks to find this. Well, they've had, from the first posting here, the same years. That only kicks in in a case in which they learned about it. So in order to find the images, the paralegal says it takes- When does the should have known matter, I guess is what I'm asking. Sure, so the should have known mattered if they should have known more than three years prior to the, prior to the suit being filed. And I think plaintiff's counsel is mistaken in saying that these are two separate inquiries. In the certified question on this case, the SJC said very specifically, if the plaintiff didn't actually know more than three years prior, the court needs to address whether they reasonably should have known within that period. Not with, the question is not simply whether they should have known on the date of loss. Well, counsel, if this record indicates that they're saying we knew, but we're not going to tell you when we knew, this case should be over, right? I agree. And I would think the district court would write a decision that says that. But as Judge Wickham said, that's not the decision the district court wrote. The district court took seriously the SJC's opinion and looked at issues of accessibility, the wideness of the distribution, and searchability. It looked at all three issues and concluded that the plaintiff had not been able to establish a general issue of material fact on the proposition that it should not have known about this. So I don't, how could the district court overlook that clearly determinative fact that they say we knew, but we're not going to tell you when? I don't, that makes no sense. I don't think the district court did overlook that. I believe they mentioned in the decision that the plaintiff has put forth no evidence of when they actually learned. That they've all testified that they didn't know, or that they learned at some point from counsel, or they learned several years ago. Counsel, can I ask you this way? Let's just assume for a second that we agreed with plaintiffs that the record was mixed enough on when they knew that they have shown a genuine dispute of material fact about that. And so then we really need to look at when they should have known, which is what I was trying to ask you about. So if, let's just put aside the when they knew fact and say it would go to trial on that. So we now really have to figure out by June 2018, have they created a genuine dispute of material fact about when they should have known? So if we're focusing on just that question, I just want to go back to you on why they shouldn't prevail and get to a jury or a fact finder, a bench trial, given the searchability issue. Because yes, the declaration or affidavit from the paralegal says once you know what you're looking for, it can take a week or a month, whatever the time period is. But apparently there's seven, according to this declaration, there are about 74,000 entities, clubs, I'm not sure what they are exactly. But anyway, that could have been using their clients' images without their permission. If you don't know to look for the Club Alex site, because you don't know that Club Alex is one of those 74,000 that may have done that. I just go back to my needle in a haystack example. Why didn't they create a genuine dispute of material fact that actually they shouldn't have known by six years? How would they have known to go and look at the Club Alex site and you can't get through 74,000 sites in that time period? So I think at the bottom, the SJC's answer to the certified question doesn't change the basic premise of the discovery rule. And the question isn't, was it hard? It's, was something preventing them from finding it? Well, I think what the SJC is saying is that if it's not searchable, if a social media post is not searchable, then yes, it's preventing them from finding it. Because you can't expect people to find a needle in a haystack. And if it takes a month, and in six years, that's 72 months, and there's 72,000 clubs. Why isn't this a needle in a haystack problem? So I disagree that the searchability is kind of a deciding issue. I think it's a fact, the court laid it out as a factor to consider. But they also laid out this issue of whether it was public available, widespread distribution, and the plaintiff's claim rests on an idea that this was widely distributed. If it's like- Well, counsel, on that point, again, I'm not clear what the record, there's a reference, the SJC refers to this, that there was evidence of a very small number of likes in the record, which suggests that there was not broad awareness of it. Is that in the record?  The SJC notes that there- This report doesn't acknowledge that, excuse me. Sorry. The SJC does note that there's only evidence of a few likes. But they specifically note that that doesn't tell them anything about how many people actually saw the posting, how many people were following the Klobalko's page at the time. Certainly by the time this case was in process, there was evidence that Klobalko's had over five figures worth of followers. And so without that evidence, there's nothing for- Well, so maybe that's a good jury argument. They say, well, only 15 or 16 likes, that suggests it's not widely distributed. And in opposition to that, you say, well, that doesn't necessarily mean that. And on the same line, isn't it significant that the plaintiffs in this case had no connection at all with the club that posted these? There was no, I think the court used the word, nexus. So doesn't that go to the issue whether they should have known? If the people distributing this were complete strangers to them, that is what the record indicates, is that right? That they were strangers, yes. But I think when you look at the discovery rule as a whole, nothing about the certified question changed when the discovery rule applies. And so you have to look at all the rest of the bulk of the case law. Because we have such limited information here, we just have this one certified question in the context of social media. When you look at cases involving print media, the fact that a newspaper is printed in New York, and I live in Massachusetts, doesn't make this an inherently knowable thing. It's out there, it's in a publicly available document. I presume to have had the ability to know about it, and the discovery rule doesn't apply. The established law that says that where an alleged defamatory publication is broadly circulated to the public and did not involve concealment and confidential communications, the discovery rule will not be applied, didn't change. The SJC reiterated that, in fact, in their certified question. Obviously there's questions about how the discovery rule applies with social media in the should have known piece of it. I take it your argument is, even on should have known you win, and the district court agreed with you, to the extent that there's concerns about that, you seem to be making a fallback argument that you separately win because we should not be talking about should have known because of the defect in their showing, which is that they identify themselves as having actual knowledge, but don't tell us when it was. Correct? Did the district court itself rely on that ground as an independent basis for its dismissal order? I'm not sure if they made it explicit that that was a separate ground, but they did make that point. They pointed out that there was this thing. Now, we have a pretty well-known doctrine that we can affirm in any ground manifest in the record, even if it's not the reason the district court gave, but we're not obliged to do that. Certainly. What's your argument for why, in this case, if we thought that point was dispositive, the right thing to do is to affirm the dismissal as you're asking us to do, rather than say, who knows exactly what the district court was thinking? It should have known analysis is a problem, so we can't affirm on that basis. Vacate and remand, you all can fight it out on this point about whether that threshold point was or was not fatal. So, I think, if I understand your question correctly, assuming we can't go on should have known, why should you decide on just whether they did or not, right? So, if they did know, then the statute of limitations has passed. Under the Coe case, the court specifically makes- But I'm asking you, really, it's a reading of what the district court did, and is it a waste of everybody's time to have it go back to the district court, if the district court has already told us this point, which is a dispositive point, even if it didn't couch it as a holding, or is there some reason to think there may be uncertainty, and it may raise questions about, now that everybody uncovers the should have knowns a problem, might there be a motion to leave to amend additional jurisdictional discovery, and who knows how the district court would respond to all that, if we just affirm, all that's over. So, what's the sense in us doing that, if that's not really clear that the district court understood this point? So, I think the district court did make that point that there's no evidence of when they actually knew, and it's not just on this affidavit that says that I filed a suit after my attorneys told me. They testified in depositions and also in written interrogatories. But did the district court understand the import of that? In other words, one possibility is the district court didn't. So, on remand, the district court might be open to arguments about jurisdictional discovery, leave to amend, etc. We just don't know that on this record. If we affirm, we take all that off the table. If we vacate and remand, district court can figure all that out. I think they did know that, and there wasn't much to say to it. The court repeats the phrase, they need to prove that they neither knew nor should have known, and then talks about there's not any evidence even of when they actually knew, and that's kind of all they can say. And so then he moves on to doing an entire analysis of whether they should or should not have known. Jurisdictional discovery is sort of an odd thing here, since you would ask yourself, when did I learn it? And you would answer. Given that the plaintiffs have already said under oath multiple times that they didn't know, any testimony now would be in direct contradiction to that. And you can't contradict your own testimony to create an issue of fact. Thank you. Thank you, Your Honor. Thank you, counsel. At this time, would counsel for the appellant please reintroduce himself on the record? He has a three minute rebuttal. Thank you. John Goloshefsky on behalf of the appellants. Here's the quote from the declaration. When I learned that Club Alex had used my image without my authority and consent, I agreed to initiate this lawsuit. It could be read that they learned about it six years prior and decided to sit on it and wait. This is their summary judgment motion. Facts are interpreted in favor of the plaintiffs. When a plaintiff says, when I learned Club Alex used my image, I agreed to initiate. I think that's a fair inference that a court can make at the summary judgment, the party not moving for a summary judgment, that you say, well, we're going to look into it. There is a factual issue as to when they in fact learned about it. I have yet to hear one word from anybody, including the district court, as to why my clients quote should, should have learned about it three years prior, three years prior. The question when we're talking about storm warnings- Counsel, can I- Yes. I understand completely your argument about giving you the benefit of the inference from the declarations. But what about the deposition testimony? Because don't we have to, at the end of the day, really look at the deposition testimony? And if it's at all inconsistent with the declarations, we have to go by that? I don't think it's inconsistent. I think the deposition testimony, by and large, says, I'm not positive. I have many lawsuits. Now, there is information that we have, i.e. retainer agreements, as to when, in fact, each plaintiff did in fact learn about the Club Alex advertisements. A plaintiff sitting at a deposition saying, I have 50 misappropriation lawsuits. I'm not sure exactly what date this was, I learned about this. That's a different thing. Again, we're talking about should. And again, I think there is some disagreement on this issue as to whose burden it is to say that the plaintiffs should have learned about it. This court held, in the Watson-Wyatt case in 1999, that discovery rule turns on what a plaintiff knew or should have known upon injury. I take your Honor's point that there is not perfect information concerning when they learned about it. But that doesn't matter on the issue of inherent and unknowability at the time of publication, at the time of injury. And if you agree that it was inherently unknowable because of searchability, because of accessibility, on the time of publication, now you're just talking about accrual. And accrual is a jury question in Massachusetts. That's what the Riley Court says. Why do you, in light of the decision of the SJC, why do you keep returning? I just don't think it's at all helpful to you. Why do you keep returning to this concept of inherent unknowability at the time of publication? I mean, the law, that at the time of publication, an injury has occurred. That's sort of the normal accrual rule. Correct. You're arguing for a different accrual rule, arguing that, well, we didn't know about it then, and we should not have been required to know about it. There's no reason we should have known about it. That didn't happen until much later. That's what you should be arguing. I just don't, it seems to me you are deserving your position when you keep returning to that concept. That's the threshold issue, Your Honor. The threshold issue, you don't even get into the discovery rule unless it's inherently unknowable upon publication. What the court said, what the court said was, you learned about it at some point in 2018. Thus, it was not inherently unknowable upon publication. There's two prongs to this inquiry. And again, the burden is on them to demonstrate accrual and a storm warning. Thank you. Thank you. Thank you, Counsel. That concludes argument in this case.